JOHN J. BERGEN, AS TREASURER OF THE POLICE BOARD OF THE TOWN OF NEW LOTS, RELATOR, APPELLANT, v. JOHN K. POWELL, RESPONDENT.

*Removal from office where the law affixes no term thereto — by whom the power is to be exercised — 1878, chap. 305 — Const., art. 10, sec. 3.*

Chapter 305 of 1878 created the police district of the town of New Lots, in Kings county, and conferred the powers and duties connected with and incident to the police government and discipline thereof upon a board of three commissioners, to be appointed within thirty days after the passage of the act by the supervisor of the town, the president of the excise commission and the justices of the peace of the said town then in office having the shortest term to serve. In case of a vacancy in the office of police commissioner the successor or successors of such commissioner or commissioners was to be appointed by the supervisors. The act did not fix the duration of the office of the police commissioners.

*Held*, that the officers who were required by the act to appoint the police commissioners had no power after having made such appointment to remove any commissioner from his office.

Section 3 of article 10 of the Constitution, providing that "when the duration of any office is not provided by this Constitution it may be declared by law, and if not so declared such office shall be held during the pleasure of the authority making the appointment." has no application to the case.

APPEAL from an order made at a Special Term denying a motion to compel a delivery of books and papers.

The board of police commissioners of the town of New Lots was created by chapter 305 of the Laws of 1878, sections one and two of which are as follows:

" 1. The town of New Lots, in the county of Kings, shall consti-

tute a police district, which shall be known as and called 'the police district of the town of New Lots.'

"2. The powers and duties connected with and incident to the police government and discipline of said district shall be, as hereinafter more especially provided for, vested in and exercised by a board of commissioners, consisting of three persons residing in said town of New Lots, who shall, within thirty days after the passage of this act, be appointed by the supervisor of said town, the president of the excise commission of said town and the justices of the peace of said town now in office having the shortest term to serve, or a majority of them, who shall be known and act as a police board in and for said district, and shall have the general charge, supervision and control of the police force of said district, and in case of a vacancy in said office of police commissioner or commissioners, occurring by death or otherwise, the successor or successors of such commissioner or commissioners shall be appointed by the supervisor of said town."

Under this law Richard Pickering, Peter Sutter and John K. Powell (respondent) were duly appointed commissioners, and were serving as such up to and on February 17, 1883. The two latter were of the first three commissioners who were appointed in 1878 upon the passage of said act. Pickering was appointed to fill the vacancy caused by the death of one of the original three commissioners.

On February 17, 1883, the supervisor of the town and Charles Gertum, the justice of the peace of the town, then having the shortest term to serve, assumed to remove said Sutter and Powell from office. Said supervisor and justice so acted without notice to any one to act with them, except that they served a notice on the president of the excise commissioners of the town to meet and act with them, but the same was served upon him outside of the town.

Immediately, upon such pretended removal of Sutter and Powell, the said supervisor alone assumed to appoint the appellant and one Kiendl to succeed them. Sutter and this respondent refusing to vacate their offices, appellant moved the court in this proceeding to compel respondent to deliver to him the moneys, books, papers, etc., in respondent's possession, as treasurer of said board. From the order denying that application this appeal was taken.

*A. Simis, Jr.,* for the relator, appellant.

*Wm. J. Gaynor,* for the respondent.

BARNARD, P. J.:

The constitutional provisions in respect to the duration of the terms of public officers, where the law affixes no limit, does not apply to the case under consideration. The legislature designates a supervisor of a town, a president of an excise commission and a justice of the peace, they having the shortest time to serve, as an appointing board of three police commissioners. This appointment was to be made in thirty days after the passage of the act. The power of the appointment was not continuous. When a vacancy thereafter happened it was to be filled by the supervisor of the town alone. Section 3 of article 10 of the Constitution provides that "when the duration of any office is not provided by this Constitution it may be declared by law; and if not so declared such office shall be held during the pleasure of the authority making the appointment."

The majority of the board which assumed to act has no power to appoint, and does not claim to have. It only makes a vacancy for the supervisor to fill. The authority making the appointment was intended to cover a case of a continuous authority to appoint. It is a grave question whether the then persons who made the appointment of the original commissioners can be placed under the words "the authority making the appointment." The legislature designated them for a single instance to appoint three persons. It was not intended to give a permanent power of removal to one board and of appointment to another.

The case of *The People* v. *The Comptroller* (20 Wend., 595) was one where the appointment was continuous. (Chap. 82, Laws 1836, § 4.) The board of police are not now, and were not at the time of removal of the commissioner, the authority making the appointment.

The order should be affirmed, with costs and disbursements.

PRATT, J., concurred.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Order denying *mandamus* affirmed, with costs and disbursements.